UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KELLYANN A. MCKENZIE,<br><br>                Plaintiff,<br><br>        -against-<br><br>CHAD WARREN; STEPPING STONE PRE<br>& GRADE SCHOOL,<br><br>                Defendants. | 24-CV-6656 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Massachusetts, brings this *pro se* action alleging that Defendants

breached a contract with Plaintiff to provide Plaintiff's daughter with a "proper education." (ECF

1, at 2.) Plaintiff invokes the court's federal question jurisdiction.[1] Named as Defendants are the

Stepping Stone Pre & Grade School ("Stepping Stone"), located in Queens County, New York,

and Chad Warren, the "owner" of the school. (*Id.* at 4.) For the following reasons, the Court

transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Eastern

District of New York.

**DISCUSSION**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents
of the State in which the district is located; (2) a judicial district in which a
substantial part of the events or omissions giving rise to the claim
occurred . . . ; or (3) if there is no district in which an action may otherwise be
brought as provided in this section, any judicial district in which any defendant is
subject to the court's personal jurisdiction with respect to such action.

---

[1] The complaint does not provide enough facts to determine whether the Individuals with
Disabilities Education Act applies in this case.

For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants failed to provide Plaintiff's daughter with a proper education at Stepping Stone, which is located in Queens County. She does not plead the residence of Defendant Chad Warren, but she asserts that the alleged events giving rise to her claims occurred in Queens County, which falls within the Eastern District of New York. *See* 28 U.S.C. § 112. Because it is unknown where Warren resides, it is unclear whether venue is proper under Section 1391(b)(1) in either this District or Eastern District of New York. Even if the Court did assume that Warren resides in this District and that venue is proper here under Section 1391(b)(1), because the events giving rise to Plaintiff's claims occurred in Queens County, venue would also be proper under Section 1391(b)(2) in the Eastern District of New York.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see*

*also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010)

(setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the

plaintiff does not reside in the chosen forum and the operative events did not occur there. *See*

*Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying

events occurred in Queens County where Stepping Stone is located and where it is reasonable to

expect that all relevant documents and witnesses would be found. Moreover, because Plaintiff

does not reside in this District, her choice of forum is accorded less deference. The Eastern

District of New York appears to be a more convenient forum for this action. Accordingly, the

Court transfers this action to the United States District Court for the Eastern District of New

York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006)

("District courts have broad discretion in making determinations of convenience under Section

1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

### CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court

for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further

without prepayment of fees is a determination to be made by the transferee court. A summons

shall not issue from this Court. This order closes this case in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order

would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose

of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    September 24, 2024
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge